RICHARD BELLAMY ·*v.* WESLEY A. SHELTON.

A court of equity will limit a vendor to those rights of which he can conscientiously avail himself.

The vendor (S.) had no equitable right to proceed in prosecuting the action for unlawful detainer after the tender of the money and costs then due; and he is chargeable with all the subsequent costs of the proceeding.

On appeal from the northern district chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains the facts of the case.

*T. J. Word* for appellant.

No change had taken place in the condition of the parties or the land to render it improper for the contract to be carried out; a few days' delay in the payment of the money, even a considerable delay, would not relieve the vendor from a specific performance, unless injury had accrued to him by the delay. To justify a refusal to carry out the contract, the other party must have been guilty of " gross laches." 2 Story, 81, § 771; Ib. 84, § 775; 7 S. & M. 768; 9 Ib. 167–175; 13 Ib. 580. It is believed that these authorities entitle the complainant to a specific performance, and the decree should be reversed.

*J. F. Cushman* on the same side.

The tender of the balance of the purchase-money with interest due on the land by Bellamy to Shelton, and his (B.'s) promise to pay the cost of the suit which had then accrued on it, is a sufficient tender in law, and will exempt B. from the payment of any more cost than had accrued up to the time of the tender.   5 Phil. Evid. 135, 136, and notes.

Shelton waived his right to enter on the land by his promise to Bellamy not to sue him on the notes, because he said he did not want the money, and that after B. had offered to pay him if he desired payment.   This court will not sanction so unconscientious an act as that perpetrated by S. in bringing suit for the land the very next day after his promise to B. not to sue him, because, as he (S.) said, he did not want the money.   This was a waiver of his right to sue, and where a party waives or relinquishes a right once acquired, he cannot resume it without sufficient cause shown, which has not been done in this case. 1 Chit. Prac. 299; Ib. 838.

The refusal of S. to take the money when tendered, his retaining the title to land in himself, and his previous promise not to sue, are sufficient facts charged in the bill to compel him to answer it.   The court below clearly erred in dismissing the bill on motion.

*Guion,* for appellee,
Contended that the court below did not err in dismissing the bill on motion, because of the want of equity on its face.

Mr. Justice Fisher delivered the opinion of the court.
This bill was filed in the vice-chancery court at Fulton to enjoin the appellee from executing a certain judgment which he had recovered on an appeal in certain proceedings of unlawful detainer in the circuit court of Tishamingo county.

The allegations of the bill are as follows: — The appellant purchased of the appellee a certain tract of land for the sum of $312, payable in three instalments, and took the appellee's bond conditioned to make a title to said land on payment of the last instalment.   The first and the second instalments were paid each at maturity, and the appellant failing to pay punctu-

ally the last instalment, the appellee, after demanding possession of the land, and the appellant refusing to give possession, commenced an action of unlawful detainer before certain justices of the peace of Tishamingo county, in which a verdict and judgment were rendered in favor of the appellant; from which the appellee prosecuted an appeal to the circuit court of said county, and recovered therein a verdict and judgment for the land.

The bill alleges that before the trial commenced in the justices' court, the appellant tendered, in lawful money, to the appellee, the full amount of the last instalment, and offered to pay all costs then accrued in said proceeding; all which the appellee refused to receive.

The prayer is, that the appellee be compelled to receive said money, and to make a title to the land, according to the condition of the title bond.

Under this state of case the injunction was dissolved on motion, and the bill dismissed for want of equity on its face, in the court below.

It is immaterial what rights the vendor could assert in a court of law; a court of equity will limit him to those rights of which he could conscientiously avail himself. He retained the title to the land in himself as a mere security for the unpaid purchase-money. He can assert rights under the title only to accomplish this object, and not for the unconscientious purpose of repossessing himself of the land, and retaining as a forfeiture the two instalments of the money already paid.

Admitting the allegations of the bill to be true, the vendor had no equitable right to proceed in prosecuting the unlawful detainer suit after the tender of the money and costs. He ought to be charged with all subsequent costs in that proceeding, as he was thereafter violating the true spirit of his obligation. He was seeking to recover what he ought not in conscience to hold, and what equity would not permit him to hold.

Decree of the vice-chancellor reversed, injunction reinstated, and cause remanded.